IOWA HOG & CATTLE POWDER COMPANY, APPELLEE, V. A. A. FORD, APPELLANT.

FILED OCTOBER 22, 1910. No. 16,143.

Trial: DIRECTING VERDICT. "The trial court is not required to submit a case to the jury unless the evidence supporting it is of such a character that it would warrant the jury in basing a verdict upon it." *Chicago, R. I. & P. R. Co. v. Sporer*, 69 Neb. 8.

APPEAL from the district court for Webster county: HARRY S. DUNGAN, JUDGE. *Affirmed.*

*Bernard McNeny* and *Fred Maurer,* for appellant.

*Murdock & Pancoast, contra.*

FAWCETT, J.

Plaintiff recovered judgment in the district court for Webster county upon a promissory note. Defendant appeals.

Defendant admits the execution and delivery of the note, and for defense alleges that it was obtained by plaintiff's agent under false and fraudulent representations;

that the agent represented that he was interested in the sale and advertising of certain stock food which was of great value for the cure of hog cholera and other diseases among hogs and cattle; that, if defendant would undertake the agency for the sale of said stock food in his neighborhood, plaintiff would send to him a large shipment of such stock food; that defendant could use some of it on his own stock free of charge; that the shipment was not to be understood as a sale to defendant, but was to be upon the conditions that defendant was to receive it, and if upon a trial he found it beneficial to his stock he was to undertake to sell such portion as he did not use to his neighbors, upon which sales he should be allowed a commission; that if he found the stock food was of no value he was to return it to plaintiff, and that plaintiff would return to him the note sued upon; that it was agreed between plaintiff and the said agent that the note was to be given merely as a memorandum of the trade, and would be returned if conditions were found to be as above stated; that defendant received the stock food, and upon trial found that it was absolutely worthless, had no medicinal properties, and was of no value as a medicine, and that upon making this discovery he immediately returned it to plaintiff; that the representations were known by the agent to be false when made. As a counter-claim, defendant alleges that, relying upon the representations of the said agent, he fed the stock food to some of his sick hogs, and that all of said hogs died; that they were of the value of $200, for which sum he prayed judgment. The reply denies all the allegations of affirmative defense set out in the answer and counter-claim.

Upon the trial, defendant made a feeble attempt to prove the allegations of his answer. He did not go upon the stand himself, but attempted to make such proof through his wife. The testimony offered was so clearly insufficient that the trial court directed a verdict in favor of the plaintiff. The only ground for reversal urged in defendant's brief in this court is that the case should have

been submitted to the jury. This contention must fail. If the case had been submitted to the jury and any other verdict returned than the one directed by the court, it could not have been permitted to stand. The rule is settled in this state that "the trial court is not required to submit a case to the jury unless the evidence supporting it is of such a character that it would warrant the jury in basing a verdict upon it." *Chicago, R. I. & P. R. Co. v. Sporer,* 69 Neb. 8.

The judgment of the district court is

AFFIRMED.